IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIELLE BRIGHTMAN, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-2887-B-BK |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, § | |
| DEFENDANT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On November 18, 2024, Plaintiff Danielle Brightman filed a complaint against State Farm Mutual Automobile Insurance Company. Doc. 3 at 1. At minimum, the complaint is inartfully pled. Brightman asserts "dissatisfaction" and "frustration" over the handling of an insurance claim. Doc. 3 at 1. She alleges State Farm failed to promptly settle the claim, even though she provided ample evidence of the loss. *Id.* Brightman contends she experienced emotional distress and mental anguish. *Id.* Thus, she requests compensatory and punitive damages. *Id.*

In supplemental documents, Brightman states that she is making a claim for personal property valued at $15,000. Doc. 11 at 1 (*Sworn Statement in Proof of Loss*). She also includes

a statement from State Farm estimating the replacement cost of her personal property at $11,543.14. Doc. 11 at 30.

In response to the magistrate judge's questionnaire (MJQ response), Brightman adds that she filed a claim with State Farm on May 23, 2024, because a lightning caused an electric surge that damaged all her appliances and electronic devices. Doc. 13 at 2. Although an adjuster evaluated her property, State Farm delayed paying the claim and providing an explanation. Doc. 13 at 2. Brightman ultimately received a letter from a State Farm attorney asking her to participate in an examination under oath concerning her property damage claim. Doc. 13 at 2; *see also* Doc. 11 at 31-50. Brightman states that she is seeking $675,000 in damages. Doc. 13 at 3. She asserts:

> Actual damages for the full amount of the loss including damages to their rented property, compensation for emotional district, anxiety, depression and stress caused by State Farms actions, an amount sufficient enough to punish State Farm for the malicious oppressive and reckless conduct. Reimbursement for attorney fee's and costs incurred in pursuing this action. The amount in which I am seeking is $675,000.
>
> The basis I am seeking this amount is for pain and suffering emotional distress, breach of contract, bad faith insurance, low balling claim, holding claim, failure to pay, negligence.

Doc. 13 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp.*

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the complaint and motion for leave to proceed *in forma pauperis*.

*Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Brightman has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Brightman's complaint, however, contains no factual allegations that support federal question jurisdiction. At best, Brightman asserts only a bad-faith insurance claim and related

state law claims. While Brightman vaguely mentions the "RICO Act (18 U.S.C. §§ 1961-1968)" in her MJQ response (Doc. 13 at 2), her allegation is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Also, Brightman's scant pleadings do not plead the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship *and* a good faith claim for damages in excess of $75,000. 28 U.S.C. § 1332. Assuming *arguendo* there is complete diversity of citizenship among the parties, it is clear that Brightman has arbitrarily alleged an excessive amount in damages, to meet the $75,000 jurisdictional amount in controversy. Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court. *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.*, 220 F.2d 734, 736 (5th Cir. 1955) (damages for federal jurisdictional purposes must be estimated in good faith).

As mentioned, Brightman seeks $675,000 in damages for a $15,000 property loss dispute. Even considering the alleged bad faith insurance claims, her allegations do not support that extraordinary request and, hence her damage claim lacks a good faith basis. *Gaskill*, 315 U.S. at 447 ("[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation.").

Finally, because the complaint does not present an adequate basis for federal question jurisdiction, and Brightman cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that she may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Brightman's complaint and MJQ response demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, the Court concludes that Brightman has already pled her best case and granting further leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, Brightman's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on January 24, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).